IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF JOSEPH D. LENTO   :   MISCELLANEOUS
                                                            :   No.   13-mc-0195

PETITION FOR REINSTATEMENT OF JOSEPH D. LENTO

AND NOW, this _____ day of May, 2019, Joseph D. Lento, by his attorney, Steven C. Feinstein, Esq. hereby petitions this Honorable Court for reinstatement to the practice of law, and in support thereof and in accordance with U.S. Dist. Ct. Rules E.D.Pa., Civ Rule 83.6, alleges as follows:

1.      In October 2008, Petitioner was admitted to practice law in the Commonwealth of Pennsylvania and subsequently admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

2.      By Order dated July 17, 2013, Petitioner was suspended on consent from the Bar of the Commonwealth of Pennsylvania for a period of one year by the Disciplinary Board of the Supreme Court of Pennsylvania. A copy of the Order and Opinion is attached hereto and marked as Exhibit "A"

3.      By Order of this Honorable Court dated September 13, 2013, Petitioner was suspended from the practice of law in this Honorable Court for a period of one year and until further order of the Court, effective on August 16, 2013. A copy of the Order is attached hereto and marked as Exhibit "B".

4.      The suspension resulted from the reasons set forth in the Opinion of Disciplinary Board of the Supreme Court of Pennsylvania. See Exhibit "A".

5.      By Order dated September 4, 2014, the Supreme Court of Pennsylvania reinstated Petitioner to the practice of law in the state courts in the Commonwealth of Pennsylvania. A copy of the Order is attached hereto and marked as Exhibit "C".

6.      During the term of his state suspension, Petitioner applied for and obtained his real estate license and worked as a real estate licensee in Pennsylvania and also in business development for Thompson Reuters in New York.

7.      The Office of Disciplinary Counsel did not oppose Petitioner's reinstatement in the state reinstatement matter. There was no hearing for Petitioner's reinstate to practice law in state court as the suspension was for less than a year and a day.

8.      After his reinstatement by the Pennsylvania Supreme Court, Petitioner has resumed practice in Pennsylvania State Courts without any disciplinary proceedings being brought against him since his reinstatement.

9.      Petitioner believes and therefore avers that he has the moral qualifications, competency and learning in the law required for admission to before this Honorable Court and that his resumption of the practice of law will be neither detrimental to the integrity and standing of the Bar nor of the administration of justice nor subversive of the public interest.

10.     Petitioner is also currently admitted to practice law in the State of New Jersey and the District Court for the District of New Jersey.  There are no disciplinary actions or complaints pending against him in either jurisdiction.

11.     Petitioner currently must decline representation of any manner that has Federal Subject Matter Jurisdiction because of the suspension and would like the opportunity to ably represent them in this jurisdiction.

WHEREFORE, Petitioner respectfully requests that this Honorable Court grant a hearing in order for him to prove his fitness to resume the practice of law in this Honorable Court.

Respectfully submitted,

OPTIMUM LAW GROUP, P.C.

BY:_____

STEVEN C. FEINSTEIN, ESQUIRE
1500 Market Street
East Tower – 12th Floor
Philadelphia, PA 19102
267-833-0300 (T)
267-833-0200 (Fax)
scfeinstein@optimumlawgroup.com
Attorney for Plaintiffs

Dated: May 12, 2019

EXHIBIT "A"

IN THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,   :   No. 1940 Disciplinary Docket No. 3
               Petitioner   :
                                 :   No. 5 DB 2013
          v.   :
                                 :   Attorney Registration No.  208824
JOSEPH D. LENTO,   :
               Respondent   :   (Philadelphia)

**O R D E R**

**PER CURIAM:**

    **AND NOW**, this 17th day of July, 2013, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board dated April 23, 2013, the Joint Petition in Support of Discipline on Consent is hereby granted pursuant to Rule 215(g), Pa.R.D.E., and it is

    ORDERED that Joseph D. Lento is suspended from the practice of law for a period of one year, followed by a period of probation for one year, subject to the following conditions:

    1.    Respondent shall select a practice monitor subject to the approval of the Office of Disciplinary Counsel.

    2.    The practice monitor shall do the following during the period of Respondent's probation:

        a.    Periodically examine Respondent's law office organization and procedures to ensure that he is maintaining an acceptable tickler system, filing system and other administrative aspects of his practice;

b.   Meet with Respondent at least monthly to examine his progress towards satisfactory and timely completion of clients' legal matters and regular client contact;

c.   Answer law office management questions, offer practical guidance as to how to ethically operate a law practice, ensure that Respondent does not improperly solicit potential clients and monitor his compliance with the Rules of Professional Conduct;

d.   File quarterly written reports on a Board-approved form with the Secretary of the Board; and

e.   Report to the Secretary any violations by Respondent of the terms and conditions of probation.

3.   Respondent shall comply with all the provisions of Rule 217, Pa.R.D.E.

A True Copy Patricia Nicola
As Of 7/17/2013

Attest: _____
Chief Clerk
Supreme Court of Pennsylvania

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL : No. 5 DB 2013
                 Petitioner :
                                    :
        v.                 : Attorney Registration No. 208824
                                      :
JOSEPH D. LENTO :
                  Respondent : (Philadelphia)

RECOMMENDATION OF THREE-MEMBER PANEL
OF THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

The Three-Member Panel of the Disciplinary Board of the Supreme Court of Pennsylvania, consisting of Board Members David E. Schwager, Stephan K. Todd, Jane G. Penny, has reviewed the Joint Petition in Support of Discipline on Consent filed in the above-captioned matter on April 4, 2013.

The Panel approves the Joint Petition consenting to a one year suspension to be followed by one year probation, subject to the conditions set forth in the Joint Petition and recommends to the Supreme Court of Pennsylvania that the attached Petition be Granted.

The Panel further recommends that any necessary expenses incurred in the investigation and prosecution of this matter shall be paid by the respondent-attorney as a condition to the grant of the Petition.

David E. Schwager, Panel Chair
The Disciplinary Board of the
Supreme Court of Pennsylvania

Date: 4|23|2013

MTNkYjB4Y2J1Njh1eNmOMMBwwLje186962919                    Serhttps//docs4TRBrdbssviewer.googleusercontenfAGBm/view28/secure...

MAR-26-2013 16:56 From:DISCIPLINARY COUNSEL 2155604589          To:916106962919          Page:3/22

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL, :
                  Petitioner    :
                              : No. 5 DB 2013
        v.                 :
                              : Atty. Reg. No. 208824
JOSEPH D. LENTO,          :
                 Respondent   : (Philadelphia)

## JOINT PETITION IN SUPPORT OF DISCIPLINE ON CONSENT UNDER Pa.R.D.E. 215(d)

Petitioner, Office of Disciplinary Counsel ("ODC"), by Paul J. Killion, Chief Disciplinary Counsel, and Harriet R. Brumberg, Disciplinary Counsel, and Respondent, Joseph D. Lento, Esquire, by Respondent's counsel, Samuel C. Stretton, Esquire, file this Joint Petition In Support of Discipline on Consent Under Pennsylvania Rule of Disciplinary Enforcement (Pa.R.D.E.) 215(d), and respectfully represent that:

### I. BACKGROUND

1.    Petitioner, whose principal office is located at Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereinafter "Pa.R.D.E."), with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law

**FILED**

APR 0 4 2013

Office of the Secretary
The Disciplinary Board of the
Supreme Court of Pennsylvania

MTNkYjI4YZ2bj2ghiNmØ&MIwwLjb106962919          https://doc-s-fr3xf-docsviewer.googleusercontent.com/viewer2/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:4/22

in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

2.   Respondent, Joseph D. Lento, was admitted to the practice of law in Pennsylvania on October 23, 2008.

3.   Pursuant to Pa.R.D.E. 201(a)(1), Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

### II. FACTUAL ADMISSIONS AND VIOLATIONS OF RULES OF PROFESSIONAL CONDUCT

4.   Respondent specifically admits to the truth of the factual allegations and conclusions of law contained in paragraphs 1 through 23, infra.

### CHARGE

5.   At all relevant times, Respondent was a private practitioner with an attorney registration address of 121 South Broad Street, 2nd Floor, Philadelphia, PA 19107.

6.   By letter dated November 10, 2011, from Respondent to Dwayne Stevens, First Judicial District of Pennsylvania, Curran Fromhold Correctional Facility, Bail Unit, Respondent:

    a.   introduced himself as a Philadelphia lawyer
         who was continuing to take steps to expand

2

3/30/2013 10:36 AM

MTNkYjB4Y2NjMjBjNmM5M3wwLjb106962919                    https://doc-14-3f-dots-viewer.googleusercontent.com/view28/secure...

his law practice, "in particular, my *criminal defense practice*" (emphasis in original);

b.  explained that he was "reaching out" to Mr. Stevens in light of his work at Pretrial Services;

c.  stated that he would like to speak to Mr. Stevens "about the prospect of a *mutually beneficial* business relationship" (emphasis in original);

d.  added that what he had "in mind would take minimal effort on" Mr. Stevens' part, although his "service would be of value to [Respondent]";

e.  noted that he would prefer to speak in person about the particulars and suggested meeting Mr. Stevens for lunch; and

f.  concluded by giving Mr. Stevens Respondent's telephone number.

7.  On December 26, 2011, Respondent sent individual letters to the following eight Clerical Assistants assigned to the Bail, Pretrial Services Unit at the Criminal Justice Center:  Karen Fequa; Styvens Georges; Shaneita Goode;

3

MTNkYJBdYZbVJMJJhGNmGBMBwwLj6106962919                    SAMPLE//doc-14-83-docsviewer.googleusercontent.com/ce/ee/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604588          To:916106962919          Page:6/22

Brittany Kelly; Meredith Lowry; David Quartullo; Lillian Ramos; and Michelle Williams.

8.    In Respondent's letters to the Pretrial Services Unit employees, Respondent:

a.    introduced himself as a Philadelphia lawyer who was continuing to take steps to expand his law practice, "in particular, my criminal defense practice";

b.    explained that he was "reaching out" to the Pretrial Services Unit employee in light of his/her work at Pretrial Services;

c.    stated that he was proposing "a mutually beneficial business relationship";

d.    advised that he was "trying to find out who posts bail in Philadelphia so that [Respondent] can follow up on [Respondent's] end";

e.    noted that the information Respondent sought "may be public record although I do not know how to access the information";

f.    added that what Respondent had in mind would take minimal effort on the employee's part, but his/her "service would be of value to [Respondent] and [Respondent

4

3/30/2013 10:36 AM

MTNkYjB4Yz5jNjhiNm0fkM0wwLjb106962919                    https://doc-14-RBF-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155804528            To:916106962919          Page:7/22

&ould] follow up with [him/her] accordingly"; and

g.   provided Respondent's telephone number for the Pretrial Services employee to call.

9.   The Code of Conduct for the First Judicial District of Pennsylvania, § IV. A, B, C, E and F, prohibits employees from soliciting, accepting, or agreeing to accept anything of value from any person having an interest in a matter before the court by which they are employed.

10.  In Respondent's letters to Mr. Stevens and the eight Pretrial Services Unit employees, Respondent:

a.   attempted to induce court employees to engage in conduct in violation of their duty as public servants;

b.   engaged in conduct involving deceit or misrepresentation; and

c.   engaged in conduct that was prejudicial to the administration of justice.

11.  During the week of January 2, 2012, Respondent went to the Information Counter on the second floor of the Criminal Justice Center in Philadelphia, during which time:

a.   Respondent requested that court employee Brittany Baggio take a stack of Respondent's

5

MTNkYjB4X2BHNjUhiNmZhM8wwLj6106952919                     https://doc-14-2c-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604588          ' To:916106962919        Page:8/22

business cards and keep them at the Information Counter;

b.   Respondent asked Ms. Baggio to give Respondent's cards out to persons who needed a lawyer and tell the person her name;

c.   Respondent offered to pay Ms. Baggio if anyone to whom she gave a card decided to hire Respondent as an attorney;

d.   Respondent explained to Ms. Baggio that this arrangement would be "just between" her and Respondent;

e.   Ms. Baggio stated that she would not give out her name to persons who needed a lawyer;

f.   Respondent suggested that Ms. Baggio put her initials on the back of the cards so that Respondent would know that the referrals came from Ms. Baggio and she could get paid;

g.   Respondent reiterated that this arrangement was "just between" her and Respondent;

h.   Ms. Baggio refused to take Respondent's business cards; and

i.   Respondent put his business cards on top of the Information Counter and left.

6

3/30/2013 10:36 AM

MTNkYj84X2Vj8d0Nm0SM3wwLjE106962919                        https://doc-44-3t-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL 2155604528            To:916106962919        Page:9/22

12.  During or as a consequence of Respondent's conversation with Ms. Baggio, Respondent:

      a.  attempted to share legal fees with a non-lawyer;

      b.  attempted to solicit professional employment through an intermediary who would be engaged in personal contact with a prospective client, when a significant motive for Respondent doing so was Respondent's pecuniary gain;

      c.  attempted to induce a court employee to engage in conduct in violation of her duty as a public servant;

      d.  engaged in conduct involving deceit or misrepresentation; and

      e.  engaged in conduct that was prejudicial to the administration of justice.

13.  Prior to January 10, 2012, Respondent returned to the Information Counter on the second floor of the Criminal Justice Center in Philadelphia, during which time Respondent handed a stack of his business cards to court employee Jonathon.

14.  By letter dated January 4, 2012, from Judge Herron to Respondent, Judge Herron:

3/30/2013 10:36 AM

MTNkYj8sY2NjNQh1QNm0sM8wwLj6106962919                    https://doc-04-f-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL 2155604528           To:916106962919        Page:10/22

a.  advised Respondent that he had become aware of Respondent's letter to Court employees soliciting client referrals on the basis "'... of a mutually beneficial business relationship'";

b.  explained that Respondent's communication "appears to be a clear welcome of an economic reward in exchange for a Court employee's referral of clients to you [Respondent] and your [Respondent's] law practice";

c.  requested an explanation from Respondent and the identity of all individuals to whom Respondent had made such an offer in writing; and

d.  suspended Respondent from the Court-appointed attorney list for the First Judicial District of Pennsylvania.

15.  Respondent received Judge Herron's letter on or after January 11, 2012.

16.  By his conduct as alleged in paragraphs 5 through 15 above, Respondent violated the following Rules of Professional Conduct:

8

MTNkYj�4Y2MjM2JhMNm0&M0wwLjb106962919                                    https://docs-41-docs-viewer.googleusercontent.com/view/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL 2155684528        To:916106962919        Page:11/22

a.   RPC 5.4(a), which states that a lawyer or
law firm shall not share legal fees with a
nonlawyer, except that:   (1) an agreement by
a lawyer with the lawyer's firm, partner, or
associate may provide for the payment of
money,   over a reasonable period of time
after the     lawyer's   death,     to     the
lawyer's estate or to one     or        more
specified   persons;   (2)   a   lawyer   who
undertakes   to   complete   unfinished   legal
business of a deceased lawyer may pay to the
estate of the deceased lawyer that portion
of   the   total   compensation   which   fairly
represents   the   services   rendered   by   the
deceased lawyer; (3) a lawyer or law firm
may   include   nonlawyer   employees   in   a
compensation or retirement plan, even though
the plan is based in whole or in part on a
profit-sharing arrangement; (4) a lawyer or
law   firm   may   purchase   the   practice   of
another lawyer or law firm from an estate or
other eligible person or entity consistent
with Rule 1.17; and (5) a lawyer may share
court-awarded legal fees with a nonprofit

9

3/30/2013 10:36 AM

MTNkYjBjYzMNNhjuNm08M0wwLj6106962919          https://doc-14-7d-docsviewer.googleusercontent.com/viewe/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:12/22

organization that employed, retained or recommended employment of the lawyer in the matter;

b.   RPC 7.3(a), which states that a lawyer shall not solicit in-person or by intermediary professional employment from a prospective client with whom the lawyer has no family or prior professional relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted is a lawyer or has a family, close personal, or prior professional relationship with the lawyer. The term "solicit" includes contact in-person, by telephone or by real-time electronic communication, but, subject to the requirements of Rule 7.1 and Rule 7.3(b), does not include written communications, which may include targeted, direct mail advertisements;

c.   RPC 8.4(a), which states that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or

10

3/30/2013 10:36 AM

MTNkYjBdY2DjMhiNm2RM3wwLj6106962919

SAMDEL/doc-44RBFdossviewer.googleusercontenPAGem/view25/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL, 2155604528          To:916106962919          Page:13/22

induce another to do so, or do so through the acts of another;

d.   RPC 8.4(c), which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

e.   RPC 8.4(d), which states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

III. JOINT RECOMMENDATION FOR DISCIPLINE

17.   Petitioner and Respondent jointly recommend that the appropriate discipline for Respondent's admitted misconduct is a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions set forth in ¶¶ 22-23, infra.

18.   Respondent hereby consents to the discipline being imposed by the Supreme Court of Pennsylvania. Attached to this Petition is Respondent's executed Affidavit required by Pa.R.D.E. 215(d), stating that he consents to the recommended discipline and including the mandatory acknowledgements contained in Pa.R.D.E. 215(d)(1) through (4).

11

MTNkYjB4Y2NjNjNiNmZ9M18wwLjt106962919                                        https://docs-4-f8-docsviewer.googleusercontent.com/viewer2/secure...

MAR-26-2013 16:59 From:DISCIPLINARY COUNSEL 2155604528              To:916106962919              Page:14/22

19.   Petitioner and Respondent respectfully submit that there is the following aggravating factor:

    a.   In October 2008, Respondent, who had been employed by the First Judicial District as a Juvenile Probation Officer since 2003, was terminated from his employment for failing to return to work.

20.   Respondent and ODC respectfully submit that there are the following mitigating factors:

    a.   By virtue of Respondent's signing this Discipline on Consent, Respondent has expressed recognition of his misconduct; and

    b.   Respondent is a young, inexperienced lawyer who had been practicing law for three years at the time of his misconduct.

21.   From mid-November 2011 to mid-January 2012, Respondent initiated two schemes to pay government employees to assist him in obtaining new clients. Cases where attorneys pay kickbacks to a government employee or attempt to have a government employee perform personal services for an attorney result in serious public discipline. *See, e.g.*, *Office of Disciplinary Counsel v. Panarella*, No. 98 DB 2001, 69 Pa. D.&C.4th 199 (2004) (Panarella made monthly payments to a state senator who took actions that

12

3/30/2013 10:36 AM

MTNkYj6372X6vj9ghbNm85M8wwLjb106962919                    https://doc-14-3r-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:59 From:DISCIPLINARY COUNSEL 2155604528            To:916106962919            Page:15/22

benefitted Panaralla's business and conspired with the
state senator to conceal the disclosure of the payments;
Panaralla pleaded guilty to one count of accessory after
the fact to an honest services wire fraud scheme and
received a four-year suspension), *reinstatement granted
after conviction vacated* (S.Ct. Order 2/6/2012); *Office of
Disciplinary Counsel v. Valerie J. Glover*, No. 141 DB 1991
(S. Ct. Order 2/4/1992), *reinstatement denied* (S.Ct. Order
7/23/1999), *reinstatement granted* (S.Ct. Order 2/20/2002)
(Glover repeatedly bribed two undercover INS officers to
process her clients' cases more quickly and then increased
her legal fees to cover the costs of the bribes; Glover was
convicted of bribery and disbarred); and *Office of
Disciplinary Counsel v. Ronald John Worobey*, No. 53 DB
1997, D.Bd. Rpt. 6/7/2001 (S.Ct. Order 8/2/2001) (in
addition to misappropriating funds from various estates and
individuals of whom he was the court-appointed guardian,
Worobey conspired to inflate charges and kick back funds to
an individual in matters in which the individual had
received fiduciary appointments from the court; Worobey was
convicted of theft-related charges and disbarred). *See
also In the Matter of Michael David Ettinger*, 128 Ill.2d.
351, 371-372, 539 N.E.2d. 1152, 1161-1162 (1989) (a former
Assistant State Attorney General, who had repeated

13

MTNkYjY04Y2zMjMjhiNmZ3M3wwLjt106962919                    https://doc-44-7k-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:59 From:DISCIPLINARY COUNSEL 2155604528        To:916106962919        Page:16/22

telephone conversations with a police officer about paying the police officer to persuade a complaining witness to drop charges, was acquitted of all criminal charges; Supreme Court of Illinois imposed a two-year suspension on Ettinger, finding that an attorney's involvement in a scheme for "the payment of money . . . to a police officer in order to influence his [the police officer's] conduct" was "an egregious act.").

While analogous, the facts of all the above cases are clearly distinguishable from the facts in Respondent's matter. Most importantly, unlike the foregoing cases, Respondent was neither arrested nor convicted of a crime. In addition, Respondent's conduct did not concern influencing a government employee to make an official decision that would impact the administration of justice. Rather, Respondent's conduct was an unsuccessful attempt to persuade government employees to undertake ministerial acts that could economically benefit Respondent. All told, Respondent's conduct, which spanned a total of two months, was limited in time, scope, and impact.

22. Respondent should receive a period of suspension that would be commensurate with his misconduct and would deter other attorneys from attempting to persuade government employees to undertake an attorney's personal

14

3/30/2013 10:36 AM

MTNkYjE4Y2Nj28Q4QhtNm28M3wwLji06962919

https://docs-447-0-docsviewer.googleusercontent.com/viewer/secure..

bidding.   Neither Respondent nor the public would benefit
from requiring Respondent to undergo a reinstatement
hearing.   Respondent, however, would benefit from a period
of probation with a practice monitor when Respondent
resumes the practice of law.

     As conditions of Respondent's probation, Respondent
would be required to meet in-person with the practice
monitor on a monthly basis and maintain weekly telephone
contact with the practice monitor.   The practice monitor
would be available to:   answer Respondent's law office
management questions; offer practical guidance as to how to
ethically operate a law practice; ensure that Respondent
does not improperly solicit potential clients; and monitor
Respondent's compliance with the Rules of Professional
Conduct.   The practice monitor would also file quarterly
progress reports with the Secretary of the Disciplinary
Board and Office of Disciplinary Counsel and immediately
report any violations of the conditions of Respondent's
probation.

     23.  Accordingly, Petitioner and Respondent jointly
agree that Respondent should receive a one-year suspension,
to be followed by one year of probation with a practice
monitor, subject to the conditions that Respondent meet
with the practice monitor in-person on a monthly basis,

15

3/30/2013 10:36 AM

MTNkYjQ4Y2NjNjBjNmM4M3wwLj606962919

https://doc-14-bi-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 17:00 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:18/22

maintain weekly telephone contact with his practice monitor, and not violate any Rules of Professional Conduct during the one-year term of probation.

WHEREFORE, Petitioner and Respondent respectfully request that:

    a.   Pursuant to Pa.R.D.E. 215(e) and 215(g), the three-member panel of the Disciplinary Board review and approve the Joint Petition in Support of Discipline on Consent and file its recommendation with the Supreme Court of Pennsylvania recommending that the Supreme Court enter an Order that Respondent receive a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions that Respondent meet with the practice monitor in-person on a monthly basis, maintain weekly telephone contact with his practice monitor, and not violate any Rules of Professional Conduct during the one-year term of probation; and

    b.   Pursuant to Pa.R.D.E. 215(g) and 215(i), the three-member panel of the Disciplinary Board enter an Order that Respondent pay the necessary costs and expenses incurred in the investigation

3/30/2013 10:36 AM

MTNkYjE6X28J2NJMhNmdKMBwwLjE106962919

https://doc-14-3r-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 17:00 From:DISCIPLINARY COUNSEL 2155604528        To:916106962919        Page:19/22

and  prosecution  of  this  matter,  the  Board
Secretary  immediately  file  the  recommendation  of
the  panel  and  the  Petition  with  the  Supreme  Court
without  regard  to  Respondent's  payment  of  costs
and  expenses,  and  all  costs  and  expenses  be  paid
by  Respondent  within  thirty  of  the  date  of  the
panel's  approval  of  the  Discipline  on  Consent
unless  Respondent  and  the  Board  Secretary  enter
into  a  plan,  confirmed  in  writing,  to  pay  the
necessary  costs  and  expenses  at  a  later  date.

Respectfully and jointly submitted,
OFFICE OF DISCIPLINARY COUNSEL

PAUL J. KILLION
CHIEF DISCIPLINARY COUNSEL

3/26/2013

Date

By _____
Harriet R. Brumberg
Disciplinary Counsel

04/01/13

Date

By _____
Joseph D. Lento, Esquire
Respondent

04/02/13

Date

By _____
Samuel C. Stretton, Esquire
Counsel for Respondent

17

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,  :
                     Petitioner  :
                           :
                           : No. 5 DB 2013
                           :
           v.               :
                           : Atty. Reg. No. 208824
JOSEPH D. LENTO,            :
               Respondent  : (Philadelphia)

VERIFICATION

    The statements contained in the foregoing Joint
Petition In Support of Discipline on Consent Under Rule
215(d), Pa.R.D.E., are true and correct to the best of our
knowledge or information and belief and are made subject to
the penalties of 18 Pa.C.S. § 4904, relating to unsworn
falsification to authorities.

3/26/2013
_____
Date

                            _____
                            Harriet R. Brumberg
                            Disciplinary Counsel

04/01/13
_____
Date

                            _____
                            Joseph D. Lento, Esquire
                            Respondent

04/02/13
_____
Date

                            _____
                            Samuel C. Stretton, Esquire
                            Counsel for Respondent

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL, :
                        Petitioner   :
                                : No. 5 DB 2013
            v.                :
                                : Atty. Reg. No. 208824
JOSEPH D. LENTO,           :
             Respondent   : (Philadelphia)

## AFFIDAVIT UNDER RULE 215(d), Pa.R.D.E.

Respondent, Joseph D. Lento, hereby states that he
consents to the imposition of a one-year suspension, to be
followed by one year of probation with a practice monitor,
subject to the conditions outlined in ¶¶ 22-23 of the Joint
Petition, and further states that:

1.    His consent is freely and voluntarily rendered;
he is not being subjected to coercion or duress; he is
fully aware of the implications of submitting the consent;
and he has consulted with counsel in connection with the
decision to consent to discipline;

2.    He is aware that there is presently pending a
proceeding involving allegations that he has been guilty of
misconduct as set forth in the Joint Petition;

3.    He acknowledges that the material facts set forth
in the Joint Petition are true; and

    4.   He knows that if the charges continued to be prosecuted in the pending proceeding, he could not successfully defend against them.


                           _____

                           Joseph D. Lento, Esquire
                           Respondent


Sworn to and subscribed

before me this _____

day of _April_ _____, 2013.

_____

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Victoria J. Clark, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Nov. 4, 2015
ER, PENNSYLVANIA ASSOCIATION OF NOTARIES

EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **MISCELLANEOUS** |
| | : | |
| **JOSEPH D. LENTO** | : | **NO. 13-mc-0195** |

## <u>ORDER</u>

     **AND NOW**, this    13th    day of September, 2013, respondent having

been ordered on July 30, 2013, to show cause, within thirty (30) days, why he should

not be **suspended** from the practice of law in this court, for a period of one (1) year,

effective thirty (30) days from July 17, 2013, and respondent not having answered or

requested a hearing, it is hereby

     **ORDERED** that respondent is **suspended** from the practice of law in this

court, for a period of one (1) year, effective thirty (30) days from July 17, 2013, and until

further Order of this court.


                                           **BY THE COURT:**



                                         /s/ Petrese B. Tucker
                                         **PETRESE B. TUCKER**
                                         **Chief Judge**

EXHIBIT "C"



**IN THE SUPREME COURT OF PENNSYLVANIA**

13·MC-0195

| | |
|---|---|
| In the Matter of | : No. 1940 Disciplinary Docket No. 3 |
| | : |
| | : No. 5 DB 2013 |
| JOSEPH D. LENTO | : |
| | : Attorney Registration No. 208824 |
| | : |
| PETITION FOR REINSTATEMENT | : (Philadelphia) |

**ORDER**

FILED
SEP 0 9 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**PER CURIAM:**

**AND NOW**, this 4th day of September, 2014, on certification by the Disciplinary Board that the respondent, Joseph D. Lento, who was suspended by Order of the Court dated July 17, 2013, for a period of one year, has filed a verified statement showing compliance with all the terms and conditions of the Order of Suspension and Rule 217, Pa.R.D.E., and there being no other outstanding order of suspension or disbarment, Joseph D. Lento is hereby reinstated to active status, effective immediately. Pursuant to our Order of July 17, 2013, respondent is placed on probation for a period of one year, subject to the conditions as set forth therein.

A True Copy Patricia Nicola
As Of 9/4/2014

Attest: _Patricia Nicola_
Chief Clerk
Supreme Court of Pennsylvania